OPINION of the uurt, oy
Judge BOYLE.
BOYLL-This was a scirefac~as against special bail. The errors assigned are the following, 1st. the scireflicias was executed one day only before the return day, when it ought to have been executed at least three days before the return day 2dly, it was executed during the term ~diy, the judgment is per record, when it ought to have been for the award of execution.
The two former of these errors, seem to be completely obviated by that provision of the act of assembly, which declares that o'riginal writs, and ct/icr process, may be executed at an~j time before the return day~ The latitude of the expressiQn " other process," is am~ly sufficient to embrace within its mobt obvious meaa~ *324 ing, the writ of scire facias ; and there is clearly no-nothing in the reason of the law, that ought to exclude it.
The execution therefore of the process in this case, one day only before the return day, and in term time, is not conceived to be erroneous.
The last error assigned, though not without plausibility, evidently applies to the form, not to the substan ce of the judgment; had the judgment been entered as contended for, it would have been for neither more nox less than it is ; nor could it have affected the right or interest of the parties in any possible shape, different from what it does in the manner in which it has been entered. For what purpose then would this court interfere to correct an error, the correction of which, when made, would produce no effect 1
Such interference would answer the purposes of chi-ehanery and delay, without tending in any manner to promote the ends of justice. It would certainly have been more formal, to have entered the judgment for the award of execution ; but any informality in entering the judgment by the clerk, is expressly cured by the statute of jeofaiis.-Judgment affirmed.